UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Samuel L. Templeton,     #78379-004, | ) | C/A No. 3:08-4077-RBH-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| John R. Owen, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the Court *pro se* by a federal prison inmate.[1] Petitioner claims that his civil rights (due process/equal protection) are being violated because his housing in the SHU(special housing unit) at FCI-Williamsburg under "protective custody."[2] Certain Bureau of Prisons (BOP) official records attached to the Petition indicate that Petitioner, himself, requested protective custody upon entry into the BOP system. (Entry 1, exhibit (A)). However, now he claims that his constitutional rights are being violated by restrictions placed on inmates in protective custody. He claims that his protective custody

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

[2] *But see Bell v. Wolfish*, 441 U.S. 520, 546-47 (1979)(prisoner must show that his classification is not "rationally related to a legitimate governmental purpose"); *Allgood v. Morris*, 724 F.2d 1098, 1101 (4th Cir. 1984) (finding no equal protection violation in protective segregation "where the differences in treatment among prisoners in protective segregation and in the general population ha[d] a substantial, rational basis in the legitimate state interest of prison security"); *In re Long Term Admin. Segregation of Inmates Designated as Five Percenters*, 174 F. 3d. 464, 471-72 (4th Cir. 1999)(placement in long-term segregation for valid prison security purpose does not violate equal protection or eighth amendment rights); *Grate v. Huffman*, No. 7:07-cv-00449, 2007 WL 3275151, *2, 3n.4 (W.D. Va. Nov. 5, 2007) (placement in protective custody does not *per se* violate the eighth amendment or the equal protection clause).

status unconstitutionally precludes him from having the same educational/recreational opportunities as inmates in the general population. As relief for the alleged constitutional violations, Petitioner asks this Court to terminate his sentence immediately and release him from prison.

### Pro Se Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

### Legal Analysis

The Petition filed in this case is subject to summary dismissal as there is no indication in the Petition itself or in the attachments and exhibits thereto that Petitioner fully exhausted his BOP administrative remedies before filing this case. In fact, on the second page of his pleading, Petitioner makes an incorrect legal argument to the effect that he was no required to exhaust the BOP remedies due to the nature of his claims. (Entry 1, at 2). Although there is a copy of an "inmate request to staff" submitted on November 13, 2008 (Entry 1, exhibit (G)), there are no additional documents showing any pursuit of that request through the other required steps of the BOP process. Since this case was filed slightly a month later on December 22, 2008, it is obvious that there was not sufficient time for the BOP administrative process to be finalized before the filing, even if Petitioner did proceed with the process after his request to staff was denied.

Unlike habeas corpus petitions filed under 28 U.S.C. § 2254 or motions filed under 28 U.S.C. § 2255,[3] habeas corpus petitions filed under 28 U.S.C. § 2241 are not specifically governed by a separate set of rules. In such circumstances, federal district courts have "borrowed" from the section 2254 Rules or section 2255 Rules in an effort, so to speak, to "fill in the gaps." *See Kramer v. Jenkins*, 108 F.R.D. 429, 430-33 (N.D. Ill. 1985)(district court may use section 2254 timetable for setting due date of respondents' return in a federal § 2241 action). It is well-settled that a petitioner (whether a state prisoner or federal prisoner) filing § 2241 petition must first exhaust his or her available remedies. *See Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 490-491 (1973)(exhaustion required under 28 U.S.C. § 2241). As earlier stated, the petitioner has a pending criminal case, Criminal No. 2:01-0010-10. As indicated earlier, given the time frame between the date on Petitioner's initial request to staff and the filing of this case, it is obvious that Petitioner did not allow sufficient time for the BOP process to conclude before filing this case. Accordingly, it is

---

[3] *See* the Section 2254 Rules and the Section 2255 Rules.

readily apparent that the instant section 2241 petition is premature.

In order for Petitioner to address his claims of unconstitutionality arising from his voluntary placement in protective custody within the BOP administrative remedy system, *see* 28 C.F.R. § 542 *et seq.*, he must first complete an informal resolution of his claim. *See* id. § 542.13. As stated above, it appears that Petitioner did not begin this process until November 2008 by filing a request to staff document. Since he received a negative response to that request, he was then required to "seek formal review [from the Warden] of an issue which relates to any aspect of [his] confinement." *Id.* § 542.10; *see id.* § 542.14. An inmate who is not satisfied with the Warden's response must then appeal his claims to the BOP's Regional Director. *See id.* § 542.15(a). If still unsatisfied with the BOP's response to his claims, he must then pursue a final appeal: "Finally, the inmate may appeal his case to the General Counsel in the Central Office of the Bureau of Prisons, which is the 'final administrative appeal.'" *Garrett v. Hawk*, 127 F.3d 1263, 1266 (4th Cir. 1997) (quoting 28 C.F.R. § 542.15(a)). Since there is no indication that Petitioner completed the BOP administrative process before filing this habeas case, the Petition should be summarily dismissed without service on Respondent.

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

Petitioner's attention is directed to the important notice on the next page.



Joseph R. McCrorey
United States Magistrate Judge

January 29, 2009
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).